IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**ROSEMARY DOMINGUEZ**

Plaintiff,

v.

**WALMART, INC.**

Defendant.

___

### PLAINTIFF'S ORIGINAL COMPLAINT
___

COMES NOW the Plaintiff, **ROSEMARY DOMINGUEZ**, by and through her attorneys, Brylak & Associates, LLC, and for her Complaint against Defendant, WALMART, INC., a foreign corporation authorized to do business in the State of Colorado (hereinafter referred to as "Defendant"), states and alleges as follows:

### IDENTIFICATION OF THE PARTIES

1. Rosemary Dominguez (hereinafter "Plaintiff") is a U.S. Citizen and resident of Colorado, presently residing in Colorado Springs, Colorado 80916.

2. Walmart, Inc. (hereinafter "Defendant") is an Arkansas corporation with its principal place of business of 702 SW 8th Street, Bentonville, AR 72716. Its registered agent is located at 7700 E. Arapahoe Rd, Suite 220, Centennial, CO 80112.

3. Walmart, Inc. conducts business at 4385 Venetucci Blvd., Colorado Springs, Colorado 80906.

### VENUE AND JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and cost, and because there is complete diversity of citizenship between Plaintiff, a citizen of Colorado, and Defendant Walmart, a citizen of Arkansas.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court of Colorado because a substantial part of the events or omissions giving rise to the claim occurred in Colorado.

## FACTUAL ALLEGATIONS

6. On June 25, 2023, Plaintiff was shopping at Defendant's Sam's Club warehouse located at 4385 Venetucci Blvd., Colorado Springs, Colorado 80906.

7. As Plaintiff was walking down an isle, she suddenly encountered a trail of water leftover by a cleaning machine being operated by Defendant's employee.

8. Plaintiff fell on the pool of water and sustained serious personal injuries.

9. Plaintiff was an invitee at the time of the incident.

10. Defendant was a landowner of the properties, as defined at C.R.S. §13-21-115(1).

11. Defendant was in possession and control of the properties, as well as its employees on the subject properties.

12. Defendant was legally responsible for the condition of the Property, as well as the hiring, training, and supervising of its employees to ensure they performed their job duties safely.

13. Defendant and its employees acted negligently, which directly and proximately caused Plaintiff's injuries.

## PLAINTIFF'S NEGLIGENCE CLAIMS UNDER THE PREMISES LIABILITY STATUTE

14. Plaintiff seeks damages and claims under the Premises Liability Statute C.R.S. §13-21-115 as the result of the injuries sustained on June 25, 2023 Defendant's property.

15. Defendant and its employees owed a duty to Plaintiff to exercise reasonable care with respect to dangers at the properties of which it knew or should have known.

16. Defendant knew or should have known that a danger was created when its employees used a cleaning machine during store hours, which left behind a trail of water for its patrons to encounter.

17. As a direct and reasonably foreseeable result of said breach, Plaintiff has suffered and will continue to suffer injuries, including without limitation, economic damages, non-economic damages, physical impairment, and disfigurement.

## RESPONDENT SUPERIOR

18. Defendant is vicariously liable for the negligent acts and omissions of its employees who were acting under the course and scope of their employment with Defendant.

19.     Defendant is responsible for the negligent acts and omissions of its employees through the theory of *respondeat superior.*

20.     Defendant's employees failed to exercise ordinary care as they utilized a cleaning machine on the floors which they knew left behind trails of water without using "Caution – Wet Floor" signs or cones to warn patrons.

21.     The negligent actions of Defendant's employees were made during business hours, during the course and scope of their employment with Defendant, and at the direction and training of Defendant.

22.      As a direct and reasonably foreseeable result of said failure to exercise ordinary care, Plaintiff has suffered and will continue to suffer injuries, including without limitation, economic damages, non-economic damages, physical impairment, and disfigurement.

## **NEGLIGENCE CLAIM**

23.     Defendant owed a duty to exercise ordinary care in hiring, training, and supervising its employees who were engaged with cleaning the floors of their premises with a cleaning machine.

24.     Defendant breached its duty by negligently hiring, training, and supervising its employees who were engaged in the cleaning of its floors, failing to ensure the employees were doing so safely and cautiously.

25.     Defendant also committed negligence by failing to repair said leaking cleaning machine and by continuing to allow its employees to utilize such a machine which Defendant knew was defective and created a dangerous condition.

26.     As a direct and reasonably foreseeable result of said breach, Plaintiff has suffered and will continue to suffer injuries, including without limitation, economic damages, non-economic damages, physical impairment, and disfigurement.

        WHEREFORE, Plaintiff Rosemary Dominguez, requests that judgment be entered in her favor and against Defendant Walmart, Inc. for all available relief, including without limitation economic damages, non-economic damages, and damages for physical impairment and disfigurement, as well as interest, costs, and attorney's fees, and such other relief this Court deems proper.

DATED this 22nd day of May, 2025.

                              Respectfully submitted,

                              **/s/Averie Maldonado**
                              BRYLAK & ASSOCIATES, LLC
                              2 N. Cascade Avenue, Ste. 1120
                              Colorado Springs, CO 80903
                              Tel: (719) 259-0726
                              amaldonado@brylaklaw.com
                              *Attorney for Plaintiff*

<u>Plaintiff's Address:</u>
1165 Nolte Drive West
Colorado Springs, Colorado 80916